UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANIS L. DUNBAR, <br><br>         Plaintiff, <br><br> -against- <br><br> ABC WORLD NEWS NETWORK; ROBIN ROBERTS; MICHAEL STRAHAN; CARYN ELAINE JOHNSON, <br><br>         Defendants. | 25-CV-1959 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction. By order dated March 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint:

> In 2019, I contacted these people World News CEO and the others with a 10 page letter. Later in 2021 a flyer of my True Story Book and nothing. Curtis James Jackson is my stalker sued with 25 other people there in NY.

(ECF 1 at 2.)[1]

Plaintiff further alleges:

> In 2019, I sent the CEO and all 3 of these defendants a 10 page letter about Curtis Jackson/50 Cent. The CEO cancelled his show FOR LIFE that's all. 2 years later I sent back a flyer of my book with his girlfriend Jamira Haines the title. And they all kept quiet. . . .What happened to New stations investigating a tip. They do world news. . . . I feel like the truth is being ignored because he's famous and I'm not.

(*Id.* at 5.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff asserts that she is suing for "defamation of character" based on the following:

> 50 Cent was on the View reading me commercials don't scratch rub. He came back out rubbing his leg instead. I told a guy. He said he's showing off for his shorty. I live on the same street my book stared what a déjà vu I want to leave now!

(*Id.* at 6.)

Plaintiff sues ABC Network World News, two news anchors (Robin Roberts and Michael Strahan), and a talk show host from *The View*, Caryn Elaine Johnson. Plaintiff contends that she has been injured because she has "been place[d] on psych holds 3 times" as a result of having been called "crazy." (*Id.* at 6.)[2] The Court dismissed Plaintiff's prior suit alleging that Defendant Curtis James Jackson, III, who is known professionally as 50 Cent, has been stalking her for the past ten years as lacking any plausible factual predicate. *See Dunbar v. Jackson*, 24-CV-4491 (LTS) (S.D.N.Y. Sept. 5, 2024).

## DISCUSSION

**A.   Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited. Federal court jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v.*

---

[2] On the same day that Plaintiff filed this suit, she also filed several others. *See Dunbar v. Zuckerberg*, No. 25-CV-1960-LTS (S.D.N.Y. filed Mar. 4, 2025); *Dunbar v. Johnson*, No. 25-CV-1957-LTS (S.D.N.Y. filed Mar. 4, 2025) (claims against CEO of Black Entertainment Television and others); *Dunbar v. Casey*, No. 25-CV-01961-LTS (S.D.N.Y. filed Mar. 4, 2025) (asserting claims about radio hosts who interacted with Curtis Jackson).

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

    1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff invokes the Court's federal question jurisdiction, but she does not reference any federal statutes. Plaintiff alleges that Defendants are news organizations that failed to pursue tips that she provided to them in her 10-page letter.[3] The facts alleged do not suggest any federal claim against the named defendants. Plaintiff thus does not show that the Court has federal question jurisdiction of this matter.

    2.    Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the

---

[3] Plaintiff's letter to Defendants appears to relate to her allegations that Curtis Jackson has been stalking her for the past ten years.

claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

"An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*,157 F.3d at 948. An individual may have multiple residences, but "[a]t any given time, a person has but one domicile." *Palazzo*, 232 F.3d at 42.

Plaintiff provides an address for herself in Connecticut, and she lists business addresses for Defendants. These allegations are insufficient to show diversity of citizenship because Plaintiff does not allege facts about where any of the individual defendants are domiciled. Plaintiff thus fails to meet her burden of demonstrating diversity jurisdiction of this action.

District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a *pro se* plaintiff is generally afforded an opportunity to amend a complaint to replead allegations about citizenship and "drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). As explained below, however, it would be futile to grant Plaintiff leave to replead her allegations about the citizenship of the parties because the allegations of the complaint do not state a plausible claim for relief.

Plaintiff's allegations that national news media, including Defendants ABC World News and Johnson, host of *The View*, failed to respond to her 10-page-letter about Curtis Jackson do

not state a claim on which relief can be granted. Plaintiff does not include any facts plausibly suggesting that any defendant had a duty to respond or take any action. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there is no legal theory on which she can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. It therefore would be futile to grant Plaintiff leave to amend to replead her allegations regarding the citizenship of defendants. Accordingly, the Court dismisses this action for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 11, 2025
         New York, New York

                                                    _____
                                                           Louis L. Stanton
                                                              U.S.D.J.